**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SENECA RESOURCES CORPORATION,<br><br>    Plaintiff<br><br>v.<br><br>HIGHLAND TOWNSHIP, ELK COUNTY PENNSYLVANIA and the HIGHLAND TOWNSHIP BOARD OF SUPERVISORS, ELK COUNTY, PENNSYLVANIA,<br><br>    Defendants | C.A. No. 1:16-cv-289-SPB<br><br>US Magistrate Judge,<br>Susan Paradise Baxter |

## ANSWER AND NEW MATTER

AND NOW, come the Defendants, Highland Township, Elk County, Pennsylvania and the Highland Township Board of Supervisors, Elk County, Pennsylvania (collectively, "Highland"), by and through their attorneys, the Quinn Law Firm, and file the within Answer and New Matter of Seneca Resources Corporation ("Seneca"), of which the following is a statement:

1.      Paragraph 1 of Seneca's Complaint is a prolix and compound recitation of opinion and legal conclusions to which no response is required.

2.      Admitted in part and denied in part. It is admitted that portions of the Highland Township Home Rule Charter (the "HRC") mirror portions of the Highland Township "Community Bill Of Rights," which was repealed by Highland Township on August 10, 2016 (the "CBR") prior to the entry of the Consent Decree between Highland Township and Seneca on August 11, 2016, which Consent Decree was approved and adopted by this court on August 12, 2016 at

<u>Seneca Resources Corporation v Highland Township, Elk County, Pennsylvania and the Highland Township Board of Supervisors, Elk County, Pennsylvania</u>, Docket #1:15-cv-00060-Erie. It is further admitted that portions of the HRC are similar if not identical to portions of the Grant Township CBR Ordinance rejected by this Court in <u>Pennsylvania General Energy Company, LLC v. Grant Township</u>, Docket #1:14-cv-00209-Erie, at Document Nos. 113 and 114. Paragraph 2 of Seneca's Complaint, however, reflects a fundemental misunderstanding or mischaracterization of the statutory mechanism by which the HRC came into being.  Rhetorical flourishes aside, Seneca's implication that Highland Township or its Supervisors took any steps to reinstate, by way of the HRC any portion of the Highland Township "Community Bill of Rights" is flatly wrong, and it is specifically denied. To the contrary:

    a. the HRC was not drafted by Highland Township or its Supervisors, nor was it promoted or adopted by them. Instead, the HRC was the result of a referendum on a ballot measure placed before the electorate of Highland Township pursuant to 53 Pa.C.S.A. §2901, et seq.

    b. The ballot measure was adopted, and a Government Study Commission (The "Commission") was formed by individuals selected by ballot in May 2016.

    c. That Commission, which was advised by the Community Environmental Legal Defense Fund ("CELDF") – the same group responsible for drafting the CBR, returned with a recommendation that Highland Township be changed from a Township of the Second-Class to a Home Rule form of government, and that the HRC be adopted.

    d. That question was placed on the November 2016 general election ballot, and was adopted by a majority of the voters in Highland Township.

    e. The Township itself, and its Board of Supervisors, had no say in the matter. In fact, members of the Board of Supervisors actively

argued against the adoption of the HRC, even going so far as to attempt to keep the question off of the November 2016 ballot by filing an action in the Elk County Court of Common Pleas (<u>Highland Township v. Elk County Board of Elections</u>, Elk County Court Of Common Pleas No. 702 of 2016).

f. Regrettably, Highland Township and its Board of Supervisors, in and of themselves, are precluded by state law from taking action to repeal or amend the HRC at this time. 53 Pa. C.S.A. §§2929, 2941-2943; HRC §§701-702.

3. Admitted.

4. Admitted.

5. Admitted in part and denied in part. The averments of ¶5 of Seneca's Complaint concerning irreparable harm constitute legal conclusions to which no response is required.  Further, it is denied that the Defendants, *per se*, have attempted to regulate UIC wells. To the extent that a response to those specific allegations may be required, the averments are denied as stated. It is admitted, however, that portions of the HRC appear to be void and unenforceable under current state or federal law.  Neither Highland Township nor its Board of Supervisors have attempted to enforce any part or portion of the HRC against Seneca; any individual, group, or other party purporting to undertake such enforcement action would be doing so without the consent or the authority of Highland Township or its Board of Supervisors.

**Jurisdiction and Venue**

6. Admitted.

7. Admitted that Seneca seeks injunctive relief.

8. Admitted.

9. Admitted.

**Parties**

10.     Admitted.

11.     Admitted. By way of further answer, however, Highland Township did not propose or adopt the HRC, nor has it attempted to undertake any enforcement action against Seneca pursuant to the HRC.

12.     Denied.  Specifically, it is denied that the Highland Township Board of Supervisors is an entity separate and apart from Highland Township capable of being sued. To the contrary, the Board of Supervisors is a sub-unit of Highland Township, and has no identity separate from it.  By way of further answer, the Highland Township Board of Supervisors did not propose or adopt the HRC, nor has it attempted to undertake any enforcement action against Seneca pursuant to the HRC.

## Factual Background

### A.      Seneca's Environmental Permitting Activities Related to Highland Township

13.     Admitted, upon information and belief.

14.     Admitted.

15.     Admitted, upon information and belief.

16.     Admitted.

17.     Admitted, upon information and belief.

18.     Admitted, upon information and belief.

19.     Admitted, upon information and belief.

### B.    The Enactment and Subsequent Repeal of the
### Highland Township Committee Bill Of Rights Ordinance

20.    Denied as stated. Specifically, it is denied that the current Board of Supervisors for Highland Township have undertaken any action to interfere with Seneca's rights under state or federal statute or under United States Constitution or the Constitution of the Commonwealth of Pennsylvania.

21.    Denied as stated. Specifically, that ordinance (the CBR) was adopted by a prior Board of Supervisors. The CBR (including a subsequent amendment) was repealed by the current Board of Supervisors on August 10, 2016.

22.    Admitted in part and denied in part. It is admitted that Seneca brought the action as alleged. It is denied, however, that these Defendants modified the CBR, or that they attempted to avoid the repeal of the CBR. To the contrary, these Defendants repealed the CBR on August 10, 2016.

23.    Admitted, upon information and belief.

24.    Admitted, upon information and belief.

25.    Admitted, upon information and belief.

26.    The Suspension Letter is a document which speaks for itself.

27.    The Suspension Letter is a document which speaks for itself.

28.    The Suspension Letter is a document which speaks for itself.

29.    Admitted.

30.    Admitted.

31.     The consent decree is a document which speaks for itself.  It is admitted that Seneca has quoted the document accurately, though, in subparagraphs (a) through (g).

32.     The Court's Order is a document which speaks for itself.

### C.  The Home Rule Charter

33.     The allegations of ¶33 constitute legal conclusions, to which no response is required.

34.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

35.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

36.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

37.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

38.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

39.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

40.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

41.     Admitted. By way of further answer, the HRC is a document, which speaks for itself.

**D.  Ordinance Consequences**

42.    The averments of ¶42 of Seneca's Complaint constitute legal conclusions, to which no response is required.

43.    After reasonable investigation, the Defendants lack sufficient knowledge or information so as to form a reasonable belief as to the averments set forth in ¶43 of Seneca's Complaint.

44.    After reasonable investigation, the Defendants lack sufficient knowledge or information so as to form a reasonable belief as to the averments set forth in ¶44 of Seneca's Complaint.

45.    After reasonable investigation, the Defendants lack sufficient knowledge or information so as to form a reasonable belief as to the averments set forth in ¶45 of Seneca's Complaint.

46.    After reasonable investigation, the Defendants lack sufficient knowledge or information so as to form a reasonable belief as to the averments set forth in ¶46 of Seneca's Complaint.

**COUNT I**

**Preemption by Safe Drinking Water Act**

47.    The averments of ¶¶1-47, above, are hereby incorporated by reference, as if more fully set forth below.

48.    Admitted. By way of further answer, the HRC is a document, which speaks for itself.

49.    The SDWA is a writing, which speaks for itself.

50.     Denied as stated.  Specifically, it is denied that "the Township" (or, by implication, the Board of Supervisors), *per se*, is attempting to impose rules upon the oil and gas industry in general, or upon Seneca in particular.

51.     The allegations of ¶51 constitute legal conclusions, to which no response is required.

52.     The allegations of ¶52 constitute legal conclusions, to which no response is required.

53.     The allegations of ¶53 constitute legal conclusions, to which no response is required.

54.     The allegations of ¶54 constitute legal conclusions, to which no response is required.

## COUNT II

### Preemption by the Oil & Gas Act

55.     The averments of ¶¶1-54, above, are hereby incorporated by reference, as if more fully set forth below.

56.     The Oil & Gas Act is a writing which speaks for itself.

57.     The regulations adopted pursuant to the Oil & Gas Act are writings, which speak for themselves.

58.     The HRC is a writing, which speaks for itself.

59.     The allegations of ¶59 constitute legal conclusions, to which no response is required.

60.     The statutes cited (58 Pa.C.S. §3302) is a writing, which speaks for itself.

61.     The statutes cited (58 Pa.C.S. §3302) is a writing, which speaks for itself.

62.     Admitted.  By way of further answer, the HRC is a writing, which speaks for itself.

63.     The allegations of ¶63 constitute legal conclusions, to which no response is required.

64.     The allegations of ¶64 constitute legal conclusions, to which no response is required.

65.     To the extent they are based upon the argument of preemption, the allegations of ¶65 constitute legal conclusions, to which no response is required.

**66.**     The allegations of ¶66 constitute legal conclusions, to which no response is required.

## COUNT III

### Exercise of Police Power

67.     The averments of ¶¶1-66, above, are hereby incorporated by reference, as if more fully set forth below.

68.     The HRC is a writing, which speaks for itself. It is admitted that Seneca has quoted the document accurately.

69.     The Pennsylvania Home Rule Charter and Optional Plans Law is a writing, which speaks for itself.

70.     The Pennsylvania Home Rule Charter and Optional Plans Law is a writing, which speaks for itself.

71.     Admitted.

72.    Admitted.

73.    The allegations of ¶73 constitute legal conclusions, to which no response is required.

74.    Admitted.  By way of further answer, however, neither the Township, nor its Board of Supervisors, has ever sought to proffer any evidence in support of the HRC.

75.    The allegations of ¶75 constitute legal conclusions, to which no response is required.

76.    Admitted that §§109-110, 401, and 404-411 of the HRC are invalid and unenforceable as an impermissible exercise of the Township's legislative authority and/or police powers.

77.    The allegations of ¶77 constitute legal conclusions, to which no response is required.

## COUNT IV

### Supremacy Clause

78.    The averments of ¶¶1-77, above, are hereby incorporated by reference, as if more fully set forth below.

79.    The HRC is a document, which speaks for itself.

80.    The HRC is a document, which speaks for itself.

81.    The allegations of ¶81 constitute legal conclusions, to which no response is required.

82.    The United States Constitution is a document, which speaks for itself.

83.     The allegations of ¶83 constitute legal conclusions, to which no response is required.

84.     The allegations of ¶84 constitute legal conclusions, to which no response is required.

## COUNT V

## Exclusionary Zoning

85.     The averments of ¶¶1-84, above, are hereby incorporated by reference, as if more fully set forth below.

86.     The HRC is a document, which speaks for itself.

87.     The allegations of ¶87 constitute legal conclusions, to which no response is required.

88.     The allegations of ¶88 constitute legal conclusions, to which no response is required.

89.     The allegations of ¶89 constitute legal conclusions, to which no response is required.

90.     The allegations of ¶90 constitute legal conclusions, to which no response is required.

## COUNT VI

## Exercise of Legislative Authority

91.     The averments of ¶¶1-90, above, are hereby incorporated by reference, as if more fully set forth below.

92.     Admitted.

93.     The HRC is a document, which speaks for itself. The allegations in ¶93, that the HRC is a zoning ordinance, constitute legal conclusions, to which no response is required.

94.     Admitted.

95.     Admitted.

96.     Admitted.

97.     Admitted.

98.     The allegations of ¶98 constitute legal conclusions, to which no response is required.

99.     Admitted that §§109-110, 401, and 404-411 of the HRC are invalid and unenforceable as an impermissible exercise of the Township's legislative authority and/or police powers.

100.    The allegations of ¶100 constitute legal conclusions, to which no response is required.

## COUNT VII

### First Amendment

101.    The averments of ¶¶1-100, above, are hereby incorporated by reference, as if more fully set forth below.

102.    The United States Constitution is a document, which speaks for itself.

103.    The HRC is a document, which speaks for itself.

104.    The allegations of ¶104 constitute legal conclusions, to which no response is required. To the extent that response may be required, however, the

Defendants are constrained to agree that Article 5, §501 of the HRC is facially unconstitutional. By way of further answer, neither the Township, *per se*, nor the Board of Supervisors, proposed, advocated, or acted to adopt the HRC. Additionally, no actions have been taken by the Township or the Board of Supervisors to enforce the HRC against Seneca.

105.    The allegations of ¶105 constitute legal conclusions, to which no response is required.

## COUNT VIII

## Substantive Due Process

106.    The averments of ¶¶1-105, above, are hereby incorporated by reference, as if more fully set forth below.

107.    The allegations of ¶107 constitute legal conclusions, to which no response is required.

108.    Denied as stated. It is specifically denied that the Township, or its Board of Supervisors, enacted, or have attempted to enforce, the HRC. It is further denied that the Township, *per se*, or the Board of Supervisors intended to deprive Seneca or any other person or entity of their constitutional rights.

109.    Denied as stated. It is specifically denied that the Township, *per se*, or its Board of Supervisors, enacted, or have attempted to enforce, the HRC. It is further denied that the Township or the Board of Supervisors, *per se*, have in any way attempted to deprive Seneca or any other person or entity of their constitutional rights.

110.    Denied as stated. It is specifically denied that the Township, *per se*, or its Board of Supervisors, enacted, or have attempted to enforce, the HRC, or in any way deprive Seneca or any other person or entity of their constitutional rights.

111.    The allegations of ¶111 constitute legal conclusions, to which no response is required.

## COUNT IX

## Procedural Due Process

112.    The averments of ¶¶1-111, above, are hereby incorporated by reference, as if more fully set forth below.

113.    Admitted.

114.    The allegations of ¶114 constitute legal conclusions, to which no response is required.

115.    Admitted.

116.    It is admitted that the HRC purports to prohibit corporations, such as Seneca, from petitioning the government for the redress of grievances, and provides no other process or procedure by which Seneca might otherwise seek to do so.

117.    Admitted.  By way of further answer, however, It is specifically denied that the Township, *per se*, or its Board of Supervisors, enacted, or have attempted to enforce, the HRC.

118.    The allegations of ¶118 constitute legal conclusions, to which no response is required.

WHEREFORE, the Defendants, Highland Township, Elk County, Pennsylvania and the Highland Township Board of Supervisors, Elk County, Pennsylvania, are constrained to acknowledge that §§109-110, 401, and 404-411 of the HRC are invalid and unenforceable as an impermissible exercise of the Township's legislative authority and/or police powers, and that §501 of the HRC is unconstitutional. The Defendants further respectfully requests that this Honorable court limit any relief afforded to Seneca Resources Corporation to relief that is declaratory in nature and with specific regard to those portions of the Home Rule Charter (identified above) that are properly subject to invalidation on the basis of (where appropriate) preemption by state or federal law; an improper exercise of municipal police or legislative authority; or unconstitutionality, and that it award Seneca no damages, costs, or counsel fees as against Highland Township, Elk County, Pennsylvania and the Highland Township Board of Supervisors, Elk County, Pennsylvania.

## NEW MATTER

### Affirmative Defenses

119.    The averments of ¶¶1-118, above, are hereby incorporated by reference, as if more fully set forth below.

120.    The Board of Supervisors is a sub- division of the Township, and has no separate or independent existence or identity beyond that of the Township.

121.    The Board of Supervisors does not constitute a "person" pursuant to 42 U.S.C. §1983. Monell v. DSS of the City of New York, 436 U.S. 658, (1978).

122.    Accordingly, the Board of Supervisors is not a proper Defendant in this action. Martin v. Red Lion Police Dep't., 146 Fed.Appx. 558, 562 (3rd Cir. 2005); Johnson v. City of Erie, 834 F.Supp. 873, 878-879 (W.D.Pa. 1993).

123.    Accordingly, the Board of Supervisors, as such, is not properly subject to suit. Seneca has failed to state a claim against the Board of Supervisors upon which relief might properly be granted.

124.    The HRC was not drafted by the Township, *per se*.

125.    To the contrary, it was drafted by a Government Study Commission empaneled pursuant to 53 P.S. Pa.C.S.A. §2911, et seq., following the May 2016 Pennsylvania primary election.

126.    The Government Study Commission was comprised of Highland Township residents, John Guras, Misty Edinger, Bill Edinger, Lloyd Hulings, Amy Beers, Matthew Vaughn, and Judy Orzetti.

127.    The Government Study Commission was guided and advised by CELDF staff and attorneys with regard to the drafting and recommendation of the HRC.

128.    The Township, through its Board of Supervisors, did not participate in this process.

129.    To the contrary, in September 2016, the Township, through the Board of Supervisors, filed suit in the Elk County Court of Common Pleas

(Highland Township v. Elk County Board of Elections, Elk County Court Of Common Pleas No. 702 of 2016) challenging the validity of the Government Study Commission, as well as its recommendation that the HRC be placed upon the November 8, 2016 ballot.

130.    The Township, through its Board of Supervisors, has undertaken such steps as were reasonably available to it in an effort to avoid the adoption of the HRC by popular vote.

131.    Additionally, the Township Solicitor issued an opinion on December 13, 2016 criticizing the HRC and advising the Township that a number of the HRC's provisions were invalid. [Doc. 12-2].

132.    The Township, through its Board of Supervisors is precluded by state law from taking action to repeal or amend the HRC at this time. 53 Pa. C.S.A. §§2929, 2941-2943; HRC §§701-702.

133.    The Township, through its Board of Supervisors, however, has undertaken no efforts to enforce any part of the HRC against Seneca or any other person or entity, nor has any such activity been alleged by Seneca to have occurred.

134.    Seneca has therefore failed to state a claim upon which damages might properly be granted as to Count VII (First Amendment Violation), Count VIII (Substantive Due Process Violation), or Count IX (Procedural Due Process Violation).

WHEREFORE, the Defendants, Highland Township, Elk County, Pennsylvania and the Highland Township Board of Supervisors, Elk County,

Pennsylvania, are constrained to acknowledge that §§109-110, 401, and 404-411 of the HRC are invalid and unenforceable as an impermissible exercise of the Township's legislative authority and/or police powers, and that §501 of the HRC is unconstitutional. The Defendants further respectfully requests that this Honorable court limit any relief afforded to Seneca Resources Corporation to relief that is declaratory in nature and with specific regard to those portions of the Home Rule Charter (identified above) that are properly subject to invalidation on the basis of (where appropriate) preemption by state or federal law; an improper exercise of municipal police or legislative authority; or unconstitutionality, and that it award Seneca no damages, costs, or counsel fees as against Highland Township, Elk County, Pennsylvania and the Highland Township Board of Supervisors, Elk County, Pennsylvania.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS,
TOOHEY & KROTO, INC.

By /s/Arthur D. Martinucci
    Arthur D. Martinucci, Esquire
    amartinucci@quinnfirm.com
    Pa. I.D. No. 63699
    2222 West Grandview Boulevard
    Erie, PA 16506-4509
    (814) 833-2222
    (814) 833-6753
    Counsel for Defendants,
    Highland Township, Elk County,
    Pennsylvania and the Highland
    Township Board of Supervisors, Elk
    County, Pennsylvania